**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

**JERRY J. ELLIS
ADC #78658**                                                                                                   **PLAINTIFF**

**VS.**                                      **CASE NO. 5:07CV00041 JMM**

**L. NORRIS, ET AL.**                                                                                      **DEFENDANTS**

**ORDER**

Pending before the Court are plaintiff's Motion for Writ of Mandamus Per Rule 60(a) for Relief of the Judgment (#16) and a Motion for Leave to Proceed *In Forma Pauperis* (#15). For the reasons stated below, the motions are denied.

On February 27, 2007, plaintiff filed a *pro se* prisoner complaint which was dismissed without prejudice on March 2, 2007, based upon the three-strikes provision of the Prison Litigation Reform Act ("PLRA"). On August 7, 2007, the Court of Appeals for the Eighth Circuit denied plaintiff's request to proceed *in forma pauperis* on appeal based upon the "imminent-danger exception" to the three-strikes provision of the PLRA and dismissed his appeal.

Plaintiff now seeks to set aside, and vacate, this Court's dismissal of his complaint contending that the cases the Court counted as strikes were not strikes because they were not dismissed for being frivolous, malicious, or for failing to state a claim upon which relief might be granted. *See* 28 U.S.C. § 1915(g*)*. It also appears that plaintiff is asking this Court to vacate or direct other district courts to vacate their orders dismissing other complaints filed by plaintiff which were also dismissed based upon the three-strikes provision of the PLRA.

Plaintiff's request for Rule 60(a) relief is denied as there has been no clerical error in his case. *See* Rule 60(a) ("court may correct a clerical mistake or a mistake arising from oversight or

1

omission"). To the extent plaintiff's request is based upon Rule 60(b), it is denied as he has not presented any exceptional grounds for relief. *See Arnold v. Wood*, 238 F.3d 992, 998 (8th Cir. 2001) (Rule 60)(b) movant must demonstrate exceptional circumstances to warrant post-judgment relief).

Plaintiff's Motion for a Writ of Mandamus it is also denied as this Court does not have the jurisdiction to vacate or direct another United States District Court to vacate its order or judgment. *See Mullis v. U.S. Bankruptcy Court for District of Nevada*, 828 F.2d 1385, 1393 (9th Cir. 1987), *cert. denied*, 486 U.S. 1040, 108 S.Ct. 2031, 100 L.Ed.2d 616 (1988). Even if the Court had jurisdiction, plaintiff has not presented extraordinary circumstances necessary for such relief. *See In re MidAmerican Energy Co.*, 286 F.3d 483, 486 (8th Cir. 2002) (*per curiam)* (discretionary power to issue writ of mandamus is extraordinary remedy reserved for extraordinary situations).

To the extent that plaintiff is attempting to appeal the Court's March 2, 2007 Judgment, such appeal would be untimely. Moreover, writs of mandamus and Rule 60 motions cannot be used as a substitutes for appeals. *See Arnold v. Wood*, 238 F.3d at 998 (Rule 60(b) cannot substitute for an appeal); *In re Cook*, 928 F.2d 262, 263 (8th Cir. 1991) (*per curiam*) (writ of mandamus is not substitute for appeal).

IT IS SO ORDERED THIS  25  day of   April  , 2008.

 _____
 James M. Moody
 United States District Judge